UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GUSTAVO A. FURFARI,
MARIA T. BERRIOS,
and other similarly-situated individuals,

      Plaintiffs,

v.

DRACO PAINTING CORP
and GUSTAVO IGLESIAS, individually

      Defendants.

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs GUSTAVO A. FURFARI, MARIA T. BERRIOS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants DRACO PAINTING CORP and GUSTAVO IGLESIAS individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS are residents of Miami-Dade County, Florida. Plaintiffs are covered employees for purposes of the Act.

3. Defendant DRACO PAINTING CORP (hereinafter DRACO PAINTING, or Defendant) is a Florida corporation, having corporate offices at 10840 SW 36 ST Miami, FL 33165, and performing business in the area of Dade and other Counties. At all times material, Defendant was and is engaged in interstate commerce.

4. Individual Defendant GUSTAVO IGLESIAS was and is now, the owner/partner and/or manager of Defendant Corporation DRACO PAINTING. Defendant GUSTAVO IGLESIAS is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

<u>GENERAL ALLEGATIONS</u>

5. Defendant DRACO PAINTING is a construction company dedicated to commercial, residential, and industrial new construction and remodeling. Defendants specialized in plastering and painting projects. Defendant DRACO PAINTING participated in out of State construction projects.

6. Defendant DRACO PAINTING and GUSTAVO IGLESIAS hired Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS to work as construction workers for DRACO PAINTING.

7. <u>A.- Allegations pertaining to Plaintiff GUSTAVO A. FURFARI</u>

Defendant DRACO PAINTING and GUSTAVO IGLESIAS employed Plaintiff GUSTAVO A. FURFARI, from approximately March 04, 2019 to June 5, 2019, or 13 weeks and 2 days.

8. Plaintiff was hired by GUSTAVO IGLESIAS as a non-exempted, full-time, hourly construction, plastering and painting employee.

9. From approximately March 04, 2019 to May 3, 2019, or 8 weeks and 4 days, Plaintiff had an hourly rate of $18.00 an hour, and he worked in Miami, Florida

10. From approximately May 4, 2019 to June 5, 2019, or 4 weeks plus 4 days, or 5 weeks Plaintiff was sent to work to Austin, Texas. He was promised a wage rate of $25.00 and hour plus living accommodations, and roundtrip tickets. Plaintiff traveled with the owner

of the business GUSTAVO IGLESIAS. The fact is that Plaintiff was paid $20.00 an hour during the weeks he worked in Texas.

11. While employed by Defendants, Plaintiff GUSTAVO A. FURFARI worked regularly 6 days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 6:00 PM (11 hours); on Saturdays, Plaintiff worked from 8:00 AM to 6:00 PM (10 hours). Plaintiff was unable to take bona-fide lunch periods at least 3 days every week (1.5 Hours per week. Consequently, Plaintiff worked a minimum average of 63.5 hours in a week of 6 days. Plaintiff has already deducted 1.5 hours of lunch time per week (0.5 lunch hour x 3 days).

12. In addition, on May 4, 2019 Plaintiff was sent to work to Austin, Texas. Plaintiff had a travel time of 24 hours, which was not compensated at any rate. When Plaintiff arrived at his destination, he worked his regular schedule of 6 days with 65 hours weekly. Plaintiff was unable to take bona-fide lunch periods. Therefore, Plaintiff worked one week of 89 hours in a week period.

13. Moreover, the week from May 27, to June 01, 2019, Plaintiff was sent to work for 1 week to Wichita, Kansas. Plaintiff was picked up at 3:00 AM on Monday, then Plaintiff returned on Friday to Austin, Texas at 10:00 PM and continued his work on Saturday. That week, Plaintiff was unable to take bona-fide lunch periods and he completed 73 working hours.

14. Plaintiff was paid with checks without any record of days and hours worked, wage rate, employment taxes withheld etc.

15. Plaintiff was never in agreement with the payment received. He worked regularly 63.5 and more hours, however he was never paid correctly for all his hours. Plaintiff always worked in excess of 40 hours, but he was not paid for overtime hours.

16. Plaintiff did no clock in and out, but he worked under closed supervision of the owner of the business, Defendant GUSTAVO IGLESIAS.

17. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff complained multiple times with the owner of the business GUSTAVO IGLESIAS, Plaintiff requested to be paid for all his hours and to be paid for overtime hours.

19. On or about June 5, 2019, Plaintiff complained to GUSTAVO IGLESIAS for the last time. This time, Defendant GUSTAVO IGLESIAS fired Plaintiff and refused to pay him for all his overtime hours, as agreed and as Plaintiff reasonably expected.

20. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime based on the regular schedule that he worked, and an average paycheck of $880.00 weekly. After proper discovery, Plaintiff is going to adjust his calculations.

21. Plaintiff GUSTAVO A. FURFARI seeks to recover unpaid overtime hours, accumulated during all their time of employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. B.- Allegations pertaining to MARIA T. BERRIOS

Defendants DRACO PAINTING and GUSTAVO IGLESIAS employed MARIA T. BERRIOS in Miami Florida from approximately May 3, 2019 to June 5, 2019, or 4 weeks plus 4 days. Plaintiff MARIA T. BERRIOS is the wife of Plaintiff GUSTAVO A. FURFARI.

23. Plaintiff worked as a full time, non-exempted, hourly, cleaning employee. Plaintiff's duties consisted of the cleaning and disposal of construction debris, and her wage rate was $12.00 an hour.

24. During her time of employment Plaintiff worked regularly 6 days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 6:00 PM (11 hours); on Saturdays, she worked from 8:00 AM to 6:00 PM (10 hours).  Plaintiff worked a total of 62 hours weekly. Plaintiff has already deducted 3 hours corresponding to 0.5 hours of lunch time per 6 days.

25. Plaintiff did not clock in and out, but Defendants were always in control of Plaintiff's work and they were able to keep track of the hours worked by Plaintiff.

26. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Plaintiff was paid a different amount every week, with checks and in cash, without any paystub or record of days and hours worked, wage rate, employment taxes withheld etc.

28. Plaintiff was fired on or about June 5, 2019, due to retaliation and discriminatory reasons.

29. Plaintiff is in the process of filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

30. Plaintiff is not in possession of time and payment records, but she will try to provide a good faith estimate of unpaid wages based on her regular schedule and based on an average payment of $500.00 weekly.  After proper discovery, Plaintiff will adjust her calculations.

31. Plaintiff MARIA T. BERRIOS seeks to recover overtime wages accumulated during all her time of employment, retaliatory damages, liquidated damages and any other relief as allowable by law.

32. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;</u>
<u>AS TO PLAINTIFF GUSTAVO A. FURFARI</u>

33. Plaintiff GUSTAVO A. FURFARI re-adopts every pertinent and factual allegation, regarding to him, as stated in paragraphs 1-21 and 32 above as if set out in full herein.

34. This action is brought by Plaintiff GUSTAVO A. FURFARI and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. The employer DRACO PAINTING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company working for government agencies and operating across State lines.

Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

36. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by repairing facilities providing services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were moved across state lines at any time in the course of business. Therefore, there is individual coverage.

37. Defendant DRACO PAINTING and GUSTAVO IGLESIAS employed Plaintiff GUSTAVO A. FURFARI, from approximately March 04, 2019 to June 5, 2019, or 13 weeks and 2 days.

38. Plaintiff was hired by GUSTAVO IGLESIAS as a non-exempted, full-time, hourly construction, plastering and painting employee.

39. From approximately March 04, 2019 to May 3, 2019, or 8 weeks and 4 days, Plaintiff had an hourly rate of $18.00 an hour, and he worked in Miami, Florida

40. From approximately May 4, 2019 to June 5, 2019, or 4 weeks plus 4 days, or 5 weeks Plaintiff was sent to work to Austin, Texas and he had a wage rate of $20.00 an hour. Plaintiff traveled with the owner of the business GUSTAVO IGLESIAS. Plaintiff was

promised to be paid $25.00 an hour plus living accommodations.  The fact is that Plaintiff was paid $20.00 an hour during the weeks he worked in Texas.

41. While employed by Defendants, Plaintiff GUSTAVO A. FURFARI worked regularly 6 days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 6:00 PM (11 hours); Plaintiff worked a minimum average of 63.5 hours in a week of 6 days.  Plaintiff has already deducted 1.5 hours of lunch time per week (0.5 lunch hour x 3 days).

42. In addition, on May 4, 2019 Plaintiff was sent to work to Austin, Texas. Plaintiff had a travel time of 24 hours, which was not compensated at any rate. In Austin, Texas he maintained his schedule of 6 days/65 hours weekly. Plaintiff was unable to take bona-fide lunch periods. Therefore, from May 4, to May 11, 2019, Plaintiff worked 89 hours in a week period.

43. Moreover, the week from May 27, to June 01, 2019, Plaintiff was sent to work for 1 week to Wichita, Kansas. Plaintiff was picked up at 3:00 AM on Monday, then Plaintiff returned on Friday to Austin and continued his work on Saturday.  That week, Plaintiff was unable to take bona-fide lunch periods and he completed 73 working hours.

44. Plaintiff was paid with checks without paystubs or any record of days and hours worked, wage rate, employment taxes withheld etc.

45. Plaintiff did no clock in and out, but he worked under closed supervision of the owner of the business, Defendant GUSTAVO IGLESIAS.

46. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

47. On or about June 5, 2019, Plaintiff was fired due to his multiples complains about unpaid hours and unpaid overtime.

48. Plaintiff is no in possession of time and payment records, but he will provide a good faith estimate based on the regular number of hours that he worked, and an average paycheck of $880.00 weekly. After proper discovery, Plaintiff is going to adjust his calculations.

49. The records, if any, concerning the number of hours worked by Plaintiff GUSTAVO A. FURFARI, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

50. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

51. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

52. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

53. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as the time and payment records could dictate.

   a.  Total amount of alleged unpaid wages:

     Eight Thousand Two Hundred Fifty Dollars and 84/100 ($8,250.84)

   b.  Calculation of such wages:

     Total Period of Employment:  13 weeks

**   1.- O/T calculations from March 4, 2019 to May 3, 2019, or 8 weeks (Miami)**
     Relevant weeks of employment:  8 weeks
     Total number of hours worked weekly: 63.5 hours
     Regular Rate: $18.00 an hour

Paid average weekly:  $880.00: $18.00 regular rate= 48.89 hours
Total hours paid: 48.89 hours
Overtime hours: 23.5 O/T hours
Paid O/T hours: 8.89 hours at regular rate of $18.00
Unpaid O/T hours: 14.61 O/T hours paid @ $0.00
Regular rate: $20.00 an hour x 1.5=$30.00 O/T rate
O/T rate: $30.00- $18.00 O/T rate paid= $9.00 half-time difference
Half-time rate: $9.00

    i.  Half-time difference $9.00 x 8.89 O/T hours paid at $18.00 an hour

       Half-time $9.00 x 8.89 O/T hours=$80.01 weekly x 8 weeks=$640.08

    ii.  Overtime for 14.61 O/T hours paid at $0.00

       O/T rate $27.00 x 14.61 O/T hours=$394.47 weekly x 8 weeks=$3,155.76

**2.- O/T calculations from May 4, 2019 to June 5, 2019 or 5 weeks (Texas)**
Relevant weeks of employment:  5 weeks
Paid average weekly:  $880.00: $20.00 regular rate= 44 hours
Regular rate: $20.00 an hour x 1.5=$30.00 O/T rate
O/T rate: $30.00- $18.00 O/T rate paid= $10.00 half-time difference
Half-time rate: $9.00

    1)  2 weeks of 63.5 working hours

Total number of hours worked weekly: 63.5 hours
Total hours paid: 44 hours
Total O/T hours: 23.5 O/T hours
Overtime hours paid: 4 O/T hours paid at regular rate of $20.00
Unpaid O/T hours: 19.5 O/T hours

    i.  Half-time difference x 4 O/T hours paid at $20.00 an hour

       Half-time $10.00 x 4 O/T hours=$40.00 weekly x 3 weeks=$120.00

    ii.  Overtime for 19.5 O/T hours paid at $0.00

       O/T rate $30.00 x 19.5 O/T hours=$585.00 weekly x 3 weeks=$1,755.00

    2)  1 week of 89 hours, including travel to Austin, Texas

Total number of hours worked: 89 hours
Total hours paid: 44 hours
Total O/T hours: 49 O/T hours
Overtime hours paid: 4 O/T hours paid at regular rate of $20.00
Unpaid O/T hours: 45 O/T hours

    i.   Half-time difference x 4 O/T hours paid at $20.00 an hour

       Half-time $10.00 x 4 O/T hours=$40.00 weekly x 3 weeks=$120.00

    ii.   Overtime for 49 O/T hours paid at $0.00

       O/T rate $30.00 x 49 O/T hours=$1,470.00

    3)  1 week of 73 hours, including travel to Wichita, Kansas

Total number of hours worked: 73 hours
Total hours paid: 44 hours
Total O/T hours: 33 O/T hours
Overtime hours paid: 4 O/T hours paid at regular rate of $20.00
Unpaid O/T hours: 29 O/T hours

    i.   Half-time difference x 4 O/T hours paid at $20.00 an hour

       Half-time $10.00 x 4 O/T hours=$40.00 weekly x 3 weeks=$120.00

    ii.   Overtime for 29 O/T hours paid at $0.00

       O/T rate $30.00 x 29 O/T hours=$870.00

    Total 1 and 2: $8,250.84

c.  <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid overtime compensation.

54. At all times, the Employers/Defendants DRACO PAINTING and GUSTAVO IGLESIAS failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

55. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the

unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

56. Defendant DRACO PAINTING knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

57. At the time mentioned, individual Defendant GUSTAVO IGLESIAS was and is now, the owner/partner/manager of DRACO PAINTING. Defendant GUSTAVO IGLESIAS is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of DRACO PAINTING in relation to its employees, including Plaintiff and others similarly situated.  Defendant GUSTAVO IGLESIAS had financial and operational control of the business, he determined terms and working conditions of Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiff's damages.

58. Defendants DRACO PAINTING and GUSTAVO IGLESIAS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant DRACO PAINTING as set forth above.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GUSTAVO A. FURFARI and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff GUSTAVO A. FURFARI and other similarly situated individuals, and against the Defendants DRACO PAINTING and GUSTAVO IGLESIAS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff GUSTAVO A. FURFARI and those similarly situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;</u>**
**<u>AS TO PLAINTIFF MARIA T. BERRIOS</u>**

60. Plaintiff MARIA T. BERRIOS re-adopts every pertinent and factual allegation, regarding to her, as stated in paragraphs 1-6 and 22-32 above as if set out in full herein.

61. This action is brought by Plaintiff MARIA T. BERRIOS and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions

of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

62. The employer DRACO PAINTING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company working for government agencies and operating across State lines. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

63. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working on facilities providing services in interstate commerce. Therefore, there is individual coverage.

64. DRACO PAINTING and GUSTAVO IGLESIAS employed MARIA T. BERRIOS in Miami Florida from approximately May 3, 2019 to June 5, 2019, or 4 weeks plus 4 days. Plaintiff MARIA T. BERRIOS is the wife of Plaintiff GUSTAVO A. FURFARI.

65. Plaintiff worked as a full time, non-exempted, hourly cleaning employee. Plaintiff's duties consisted of the cleaning and disposal of construction debris and her wage rate was $12.00 an hour.

66. During her time of employment Plaintiff worked regularly 6 days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 6:00 PM (11 hours); on Saturdays, she worked from 8:00 AM to 6:00 PM (10 hours).  Plaintiff worked a total of 62 hours weekly. Plaintiff has already deducted 3 hours corresponding to 0.5 hours of lunch time per 6 days.

67. Plaintiff was paid a different amount every week, with checks and in cash, without any paystub or record of days and hours worked, wage rate, employment taxes withheld etc. Plaintiff was paid an average of $500.00.

68. Plaintiff did not clock in and out, but Defendants were always in control of Plaintiff's work and they were able to keep track of the hours worked by Plaintiff.

69. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

70. Plaintiff was fired on or about June 5, 2019, due to retaliation and discriminatory reasons.

71. Plaintiff is not in possession of time and payment records, but she will try to provide a good faith estimate of unpaid wages based on her regular schedule and based on an average payment of $500.00 weekly.  After proper discovery, Plaintiff will adjust her calculations.

72. The records, if any, concerning the number of hours worked by Plaintiff MARIA T. BERRIOS, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon

information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

73. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

74. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

75. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

76. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as the time and payment records could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Eight Hundred Fifty Dollars and 84/100 ($1,879.80)

    b. <u>Calculation of such wages</u>:

       Total Period of Employment:  5 weeks
       Relevant weeks of employment:  5 weeks
       Total number of hours worked weekly: 62 hours
       Total O/T hours: 22 O/T hours
       Paid O.T hours: 1.67 O/T hours paid at regular rate of $12.00
       Total unpaid O/T hours: 20.33 O/T hours paid @ $0.00
       Regular Rate: $12.00 an hour x 1.5= $18.00 O/T rate
       O/T rate: $18.00
       Half-time rate: $6.00

         i. Half-time difference $6.00 x 1.67 O/T hours paid at $12.00 an hour

          Half-time $6.00 x 1.67 O/T hours=$10.02 weekly x 5 weeks=$50.10

         ii. Overtime for 20.33 O/T hours paid at $0.00

          O/T rate $18.00 x 20.33 O/T hours=$365.94 weekly x 5 weeks=$1,829.70

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents the unpaid overtime compensation.

77. At all times, the Employers/Defendants DRACO PAINTING and GUSTAVO IGLESIAS failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

78. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

79. Defendant DRACO PAINTING knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

80. At the time mentioned, individual Defendant GUSTAVO IGLESIAS was and is now, the owner/partner/manager of DRACO PAINTING. Defendant GUSTAVO IGLESIAS is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of DRACO PAINTING in relation to its employees, including Plaintiff and others similarly situated.  Defendant GUSTAVO IGLESIAS had financial and operational control of the business, he determined terms and working conditions of

Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiff's damages.

81. Defendants DRACO PAINTING and GUSTAVO IGLESIAS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant DRACO PAINTING as set forth above.

82. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA T. BERRIOS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIA T. BERRIOS and other similarly situated individuals, and against the Defendants DRACO PAINTING and GUSTAVO IGLESIAS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MARIA T. BERRIOS and those similarly situated demand trial by jury of all issues triable as of right by jury.

<strong><u>COUNT III:</u></strong><br><strong><u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u></strong><br><strong><u>RETALIATION; AGAINST ALL DEFENDANTS;</u></strong><br><strong><u>AS TO PLAINTIFFS GUSTAVO A. FURFARI and MARIA T. BERRIOS</u></strong>

83. Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS re-adopt every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

84. The employer DRACO PAINTING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

85. Plaintiffs were employed by an enterprise engage in interstate commerce. Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

86. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

87. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

88. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

89. Defendant DRACO PAINTING and GUSTAVO IGLESIAS employed Plaintiff GUSTAVO A. FURFARI, from approximately March 04, 2019 to June 5, 2019, or 13 weeks and 2 days.

90. DRACO PAINTING and GUSTAVO IGLESIAS employed MARIA T. BERRIOS in Miami Florida from approximately May 3, 2019 to June 5, 2019, or 4 weeks plus 4 days. Plaintiff MARIA T. BERRIOS is the wife of Plaintiff GUSTAVO A. FURFARI.

91. During their time of employment Plaintiffs had a regular schedule.  Plaintiffs worked 6 days per week from Mondays to Sundays, from 7:00 AM to 6:00 PM or more, for a minimum of 62 hours every week period.

92. Plaintiff were paid at different rates. Plaintiff GUSTAVO A. FURFARI was paid at $18.00 and $20.00 an hour.  Plaintiff MARIA T. BERRIOS was paid at the rate of $12.00 an hour.

93. Both Plaintiffs worked many hours in excess of 40 every week period, however, they were not properly compensated for overtime hours. Plaintiff were paid for just for a few overtime hours.  The remaining overtime hours were not paid at any rate, not even the minimum wage rate.

94. Plaintiffs did not clock in and out, but Defendants were able to track the hours worked by each Plaintiff.

95. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

96. Plaintiffs were not in agreement with the payment received and they complained multiple times.

97. On or about May 25, 2019, and June 1, 2019 Plaintiff GUSTAVO A. FURFARI formally complained about missing payment for overtime hours corresponding to him and to Plaintiff MARIA T. BERRIOS. Plaintiff made his complaint to the owner of the business GUSTAVO IGLESIAS.

98. On or about June 5, 2019, Plaintiff GUSTAVO A. FURFARI complained again about the same issue to GUSTAVO IGLESIAS.  This time the owner of the business fired Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS.

99. These complains constituted protected activity under 29 U.S.C. 215(a)(3).

100.      At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiffs' employment with Defendants.

101.      The adverse employment action against Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS by the Defendants was directly and proximately caused by Defendants' unjustified retaliation because of Plaintiffs' complaints about overtime payment, and regular wages in violation of Federal Law.

102.      Moreover, Plaintiffs' termination came just in temporal proximity after Plaintiffs' participation in protected activity on or about June 1st, and June 5, 2019.

103.      At the time mentioned, individual Defendant GUSTAVO IGLESIAS was and is now, the owner and manager of Defendant Corporation DRACO PAINTING.  Defendant GUSTAVO IGLESIAS was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In

that, this individual Defendant acted directly in the interests of DRACO PAINTING in relation to its employees including Plaintiffs and others similarly situated.  Defendant GUSTAVO IGLESIAS had absolute operational and financial control of the business, and he is jointly and severally liable for Plaintiffs' damages.

104.     Defendants DRACO PAINTING and GUSTAVO IGLESIAS willfully and maliciously retaliated against Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiffs from exercising their rights under 29 U.S.C. 215(a)(3).

105.     The Defendants' adverse action against Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiffs have been damaged.

106.     Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS have retained the law offices of the undersigned attorney to represent them in this action and they are obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS respectfully request that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS by Defendants DRACO PAINTING and GUSTAVO IGLESIAS constituted an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants DRACO PAINTING and GUSTAVO IGLESIAS awarding Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS liquidated

damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiffs reasonable attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiffs GUSTAVO A. FURFARI and MARIA T. BERRIOS demand trial by jury of all issues triable as of right by jury.

DATED: June 21, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*